UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MICHAEL TUREAUD | * | CIVIL ACTION |
| versus | * | NO. 09-2486 |
| MARKEL INSURANCE COMPANY | * | SECTION "F" |

ORDER AND REASONS

Before the Court is Markel Insurance Company's motion to dismiss and/or motion for summary judgment. For the reasons that follow, the motion is GRANTED.

**Background**

Plaintiff's counsel filed several "mass joinder insurance cases", where numerous policyholders sued multiple insurance companies for breach of contract and bad faith arising from Hurricane Katrina damage; some of the cases filed were consolidated in Civil Action No. 05-4182, Section K, so that issues of flood exclusion could be resolved and mass settlement efforts could be undertaken. Mr. Tureaud was initially a party to one such multi-plaintiff, multi-defendant action filed on the two-year anniversary of Hurricane Katrina.

On October 25, 2007, Judge Duval administratively closed the mass joinder case, Abadie v. Aegis, Civil Action No. 07-5112 (Abadie II), which was the second mass joinder filed by plaintiffs'

1

counsel,[1] so that legal issues concerning the wind versus water exclusion could be resolved by the appellate courts.  Apparently none of the defendant insurers opposed the motion for administrative closure.

Shortly after the Louisiana Supreme Court decided <u>Sher v. Lafayette Ins. Co.</u>, 988 So.2d 186 (La. 2008), on January 12, 2009, Magistrate Judge Wilkinson issued an Order severing many of the misjoined cases from Katrina Canal Breaches Consolidated Litigation, Civil Action No. 05-4182 "K"(2); the order required that, no later than January 30, 2009, plaintiffs' counsel must file on behalf of each plaintiff an individualized amended complaint asserting only those claims against the appropriate insurance company defendant; plaintiffs' counsel was also ordered to provide the Clerk of Court with a prepared summons for the amended complaint.

On January 30, 2009, Mr. Tureaud filed a Supplemental and Amending Complaint, naming Essex Insurance Company and Markel Insurance Company as defendants.  On June 16, 2009, both defendants

---

[1] On the one year anniversary of Hurricane Katrina, on August 26, 2006, plaintiffs' counsel filed a mass joinder action, <u>Abadie v. Aegis</u>, Civil Action No. 06-5164 (<u>Abadie I</u>), which was consolidated in March 2007 with other cases and class actions in the <u>In Re Katrina Canal Breaches Consolidated Litigation</u>, Civil Action No. 05-4182.  On March 27, 2007, Judge Duval ordered <u>Abadie I</u> administratively closed to allow the parties an opportunity to settle the claims.  State Farm was the only defendant to object to the administrative closure, and Judge Duval ordered only State Farm's cases to be severed at that time.

filed separate motions to dismiss.  On July 23, 2009, the Court granted the plaintiff's voluntary motion to dismiss Essex Insurance Company without prejudice.  Markel Insurance Company now moves to dismiss the plaintiff's claims on the ground that it is not the named insurer on the insurance policy.

I.

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a complaint for failure to state a claim upon which relief can be granted.  Such a motion is rarely granted because it is viewed with disfavor. See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982). In considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  See Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Twombly, 127 S.Ct. at 1965

(quotation marks, citations, and footnote omitted).

With some exceptions, the Court's review on a motion to dismiss is limited to the complaint and any attachments. See Financial Acquisition Partners LP v. Blackwell, 440 F.3d 278, 286 (5th Cir. 2006) (citations omitted). Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiffs' complaint and are central to their claim. See In Re: Katrina Canal Breaches Litig., 495 F.3d 191, (5th Cir. 2007)(considering terms of insurance contracts in assessing motions to dismiss); see also Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)).

II.

It is undisputed that the defendant, Markel Insurance Company, did not issue the insurance policy for the plaintiff's property at 433 Friscoville Avenue, Arabi, Louisiana; rather, the insurer named on the face of the plaintiff's policy is Markel International Insurance Company Ltd.

In opposing Markel Insurance Company's motion to dismiss, the plaintiff does not contend that Markel Insurance Company is the proper defendant; rather, he suggests that he is entitled to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a).[2]

---

[2] Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings. It provides that leave to amend pleadings "shall be freely given when justice so requires."

There is, however, no motion for leave to amend before the Court.[3] Moreover, the plaintiff's opposition memorandum fails to fully brief the issue of whether the hypothetical amendment would be futile, or whether an amendment naming the proper defendant would

---

Fed.R.Civ.P. 15(a). Rule 15(a) manifests a liberal amendment policy: absent a "substantial reason" to do so, a motion to amend should not be denied. Jacobsen v. Osborne, 133 F.3d 315, 318 (5th Cir. 1998)(citing Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994). In determining whether leave to amend should be granted, the Court may consider

> factors such as whether there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment."

Id. (citing In re Southmark Corp., 88 F.3d 311, 314-15 (5th Cir. 1996), cert. denied, 519 U.S. 1057, 117 S.Ct. 686, 136 L.Ed.2d 611 (1997).

[3] This is so even though counsel for plaintiff has been on notice at least since June 16, 2009, if not before, that the party listed on the insurance policy was not the one he named in the complaint. Even if the Court were inclined to treat the plaintiff's opposition memorandum as a motion for leave to amend, the plaintiff fails to suggest which defendant would be named in the amended pleading, let alone attach a proposed amended pleading or brief the issue of futility. The Court will not guess as to which party the plaintiff would seek to add if granted leave to amend; in its memorandum, the plaintiff suggests:

> Markel Insurance Company is part of the family of Markel Corporation, holding company headquartered in Virginia. Markel International Insurance Co. Inc. Is also part of that family. The only difference is that the Markel Corporation participates in the London Insurance Market through Markel International, whereas Markel Insurance Company allows the Markel Corporation to undertake business written in the Specialty Admitted market segment.

relate back to the date of the original pleading.

Because there is no dispute, and the insurance policy shows, that Markel Insurance Company is not the insurance company named on the policy, IT IS ORDERED: that the defendant's motion to dismiss is GRANTED.

New Orleans, Louisiana, August 5, 2009.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE